UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERELL NORMAN,

                Plaintiff,

      -against-

JOHN/JANE DOE,

                Defendant.

20-CV-4349 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se* and currently incarcerated at Rikers Island, brings claims arising out of events that occurred while he was in the custody of the Texas Department of Criminal Justice. For the following reasons, this action is transferred to the United States District Court for the Southern District of Texas.

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings this action concerning several different events that occurred in Texas. While he does not specify where in Texas these events took place, or name any defendants, he does indicate that the conduct he complains of occurred while he was in the custody of the Texas Department of Criminal Justice (TDCJ), headquartered in Huntsville, Texas. Because Plaintiff does not allege that any of the events or omissions giving rise to his claims arose in this district,

venue is not proper in this Court under § 1391(b). Plaintiff's claims arose in Texas, and concern events related to his TDCJ custody. TDCJ is located in Walker County, which is within the Southern District of Texas. *See* 28 U.S.C. § 124. Accordingly, the Court concludes that venue lies in the Southern District of Texas, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Southern District of Texas, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is further directed to transfer this action to the United States District Court for the Southern District of Texas. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court.

This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:   July 8, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge